IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

LEOLA MILBRY; as the Personal
Representative of the Estate of EARLY
MILBRY, deceased,

      Plaintiff,

vs.

GGNSC Montgomery, LLC (incorrectly
identified as BEVERLY HC TYSON d/b/a
TYSON MANOR, et al.),

      Defendant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

2007 SEP 17  A 10: 11

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

NO. 2:07-CV-837-WKW

## NOTICE OF REMOVAL

COMES NOW Defendant GGNSC Montgomery, LLC (incorrectly identified as BEVERLY HC TYSON d/b/a TYSON MANOR), pursuant to 28 USC §§ 1332 and 1441, and removes this case to the United States District Court for the Middle District of Alabama on the following grounds:

## BACKGROUND

Plaintiff Leola Milbry, as the Personal Representative of Early Milbry, Deceased ("Milbry") filed this action on August 2, 2007 in the Circuit Court of Montgomery County, Alabama, Case Number CV-07-1226, against GGNSC Montgomery, LLC (incorrectly identified as Beverly HC Tyson) ("GGNSC Montgomery"). Milbry's Complaint alleges wrongful death and asserts a failure to discharge "obligations of care" to the Deceased. Milbry seeks "all punitive damages" against Tyson. A complete copy of Plaintiff's Complaint is attached as Exhibit A.

This Notice is being filed within thirty (30) days of service upon GGNSC Montgomery, which is within the time allowed by law for removal of this action to the United States District Court.

Attached as Exhibit B to this Notice is a complete copy of all documents filed in the Circuit Court file in Montgomery County, Alabama to date, including a copy of the Summons served on GGNSC Montgomery on August 16, 2007.

## DIVERSITY OF CITIZENSHIP

The standard for determining citizenship for purposes of diversity jurisdiction of a limited liability company (LLC) is different from the standard applied to determine diversity jurisdiction for a corporation. A corporation is a citizen of (1) its state of incorporation; and (2) the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). However, a limited liability company (LLC) is a citizen of every state in which each of their members are citizens. *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187-88 (1990); *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1337 (11th Cir. 2002).

Plaintiff Leola Milbry is a citizen of the State of Alabama who resides at 168 County Road 142, Union Springs, Alabama 36089.

GGNSC Montgomery, LLC ("GGNSC Montgomery") is a Delaware limited liability company that is registered to do business in Alabama. GGNSC is the licensed operator of Tyson Manor, which is the nursing home against whom plaintiff filed this lawsuit. GGNSC Montgomery's sole member is GGNSC Holdings, LLC, which is a Delaware limited liability company with its principal place of business and residence in Fort Smith, Arkansas at 1000 Beverly Way, Fort Smith, Arkansas 72919. *See* Alabama Division of Corporations Summary for

2

GGNSC Montgomery and Arkansas Secretary of State Records Summary for GGNSC Holdings, LLC, attached as Exhibits C and D.

"Fictitious defendants are not permitted in federal cases, and as such the citizenship of the fictitious defendants are ignored for purposes of federal diversity jurisdiction." *Billingsley v. McWhorter Farms, LLC*, 2007 Westlaw 1219724 n.1 (M.D. Ala. 2007) (slip copy), attached hereto as Exhibit E, *citing New v. Sports & Rec., Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)

In accordance with *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187-88 (1990) and *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1337 (11th Cir. 2002), GGNSC Montgomery is <u>only</u> a citizen of Arkansas, and of no other state, since GGNSC Holdings, LLC is the <u>sole</u> member of GGNSC Montgomery and GGNSC Holdings, LLC resides in Arkansas (and <u>not</u> in Alabama). Accordingly, the parties have complete diversity of citizenship, and this action is removable to this Court, pursuant to 28 USC §§ 1332 and 1441.

## **AMOUNT IN CONTROVERSY**

Milbry's complaint seeks an unlimited and unspecific amount of damages, requesting "judgment for all punitive damages against the Defendants . . . in the amount to be determined by the jury, plus costs and other relief to which Plaintiff is entitled by law."

Generally, the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. *See Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Because Milbry has made an unspecified demand for punitive damages in his Complaint, the burden of proof that the amount in controversy exceeds the $75,000 jurisdictional requirement is by a preponderance of the evidence. *See Tapscott v. MS Dealer Services, Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (*abrogated on other*

3

*grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), *cert. denied*, 531 U.S. 957 (2000)).

The appropriate way to measure the amount in controversy is to assume that all of the allegations in the complaint are true and that the jury returns a plaintiff's verdict on all claims made in the complaint. *Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450 (S.D. Ala. 1997). The Court applies state law rules regarding the applicable measure of damages and the availability of special and punitive damages. *See, e.g., Ryan v. State Farm Mut. Auto Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991). As demonstrated below by a preponderance of the evidence, presuming Milbry prevails at trial, Tyson satisfies its burden of proving the amount in controversy.

**A. Alabama's Wrongful Death Statute has been interpreted to allow only for the recovery of punitive damages.**

Alabama's Wrongful Death Act, which is codified as at Ala. Code § 6-5-410 (1975) has been held in a majority of Alabama Supreme Court decisions to allow only for the recovery of punitive damages. *See, e.g., Savannah & Memphis RR. v. Shearer*, 58 Ala. 672, 680 (1877); *Alabama Great S.R. v. Burgess*, 22 So. 913 (Ala. 1897); *Parke v. Dennard*, 118 So. 396 (Ala. 1928); *Southern R. V. Sherrill*, 167 So. 731 (Ala. 1936) (recognizing that the purpose of the statute was the prevention of conduct tantamount to homicide by punishing the alleged wrongdoer). *See also Merrell v. Alabama Power Co.*, 382 So. 2d 494 (Ala. 1980); *Tillis Trucking Co., Inc. v. Moses*, 748 So. 2d 874 (Ala. 1999); *Bassie v. Obstetrics & Gynecology Assocs.*, 828 So. 2d 208 (Ala. 2002) (affirming the historical rule allowing for the recovery of only punitive damages in wrongful death actions in Alabama). By seeking recovery of punitive damages based on the allegations her Complaint, Milbry is furthering the legislative intent of

4

preventing alleged homicides in the Alabama, and is necessarily seeking unlimited punitive damages. Under Alabama jurisprudence, a wrongful death claim seeks unlimited damages in an amount to be determined by the jury as sufficient to prevent the type of acts or omissions alleged, and those damages may or may not contemplate actual medical costs or any other actual damages. Milbry's Complaint is requesting punitive damages "in the amount to be determined by the jury." Because the Court must (for purposes of determining the amount in controversy), presume Milbry will prevail and a jury will award the damages requested in plaintiff's complaint, prior jury awards in excess of the required jurisdictional amount serve as a reasonable measure of the amount in controversy in this claim.

**B. Milbry's Complaint includes the identical allegations and demand for damages to a previous claim that was also filed in Montgomery County, Alabama, where a jury awarded $2 million dollars.**

The Alabama Supreme Court affirmed a $2 million dollar award in a nursing home case arising in the same county and based on the same allegations as Milbry's claims in this action. Milbry's Complaint alleges that the Deceased resided in the Defendant's nursing home (Tyson Manor) and that while in residence he "develop[ed] severe and mortal bed sores on his coccyx, feet, scrotum, and elsewhere" that resulted in his death. Milbry's allegations are virtually identical to allegations raised in a separate Montgomery County, Alabama claim against a nursing home provider in 1990 in *Montgomery Health Care Facility, Inc. v. Ballard*, 565 So. 2d 221 (Ala. 1990). In *Ballard*, a Montgomery County jury awarded $2 million against a nursing home where the plaintiff alleged that a patient's death resulted from "multiple infected bed sores." *Id* at 222-26. On appeal from a judgment in favor of the plaintiff, the Alabama Supreme Court specifically found that the award <u>was not excessive and permissible as a punitive damages award in a wrongful death action in Alabama</u>. *Id* at 226. Additionally, the Court affirmed the

Trial Court's finding that "because of the large number of nursing home residents vulnerable to the type of neglect . . . the verdict would further the goal of discouraging others from similar conduct in the future." Because a Montgomery County, Alabama jury awarded $2 million nearly 17 years ago in *Ballard*, it is reasonable to assume that Milbry's identical allegations against a Montgomery County nursing home in this lawsuit "for all punitive damages . . . in an amount to be determined by the jury . . . to which Plaintiff is <u>entitled by law</u>" contemplates at least $2 million in damages. Accordingly, this Court does not need to speculate regarding the amount of damages that a jury might determine are warranted in this case, since Milbry seeks unlimited punitive damages for the same alleged conduct as *Ballard* and Milbry's allegations arise in the same county as *Ballard*.

**C. The fact that a jury may award punitive damages in wrongful death actions that far exceed the $75,000 jurisdictional amount is well established in Alabama.**

A large number of reported punitive damages awards in wrongful death claims in Alabama far exceed the $75,000 jurisdictional amount in controversy. In *Tillis Trucking Co., Inc. v. Moses*, 748 So. 2d 874, 888 (Ala. 1999), the Alabama Supreme Court cited to many representative and permissible jury awards in wrongful death claims throughout the State of Alabama where the amount of damages far exceeded the $75,000 jurisdictional amount in controversy required for this diversity action. The Alabama Supreme Court's consideration of wrongful death awards exceeding $75,000 included *Cherokee Elec. Coop. v. Cochran*, 706 So. 2d 1188 (Ala. 1997) ($3 million award for wrongful death by electrocution); *Lemond Constr. Co. v. Wheeler*, 669 So 2d. 855 (Ala. 1995) ($3.5 million award for wrongful death from vehicular collision); *Campbell v. Williams*, 638 So. 2d 804 (Ala. 1994) ($4 million award in medical malpractice action); *Killough v. Jahandarfard*, 578 So. 2d 1041 (Ala. 1991) ($2.5 million award

affirmed for wrongful death from the failure of a landlord to install smoke detectors); *Alabama Power Co. V. Turner*, 575 So. 2d 551 (Ala. 1991) ($5 million award remitted to $3.5 million in electrocution case); *Industrial Chemical & Fiberglass Corp. v. Chandler*, 547 So. 2d 812 (Ala. 1989) ($2.5 million award for each of two widows based on deaths from chemical fire); *Black Belt Wood Co., Inc. v. Sessions*, 514 So. 2d 1249 (Ala. 1986) ($3.5 million award arising from log falling off a truck); and *Deaton, Inc. v. Burroughs*, 456 So. 2d 771 (Ala. 1984) ($835,000 award affirmed for wrongful death in a collision of two tractor-trailer trucks). *Tillis Trucking* also cites to a nursing home case involving negligence of a nursing aide that resulted in fatal burns to a resident as evidence of a permissible jury award for wrongful death in Alabama. *Tillis Trucking* at 888 (citing *Estes Health Care Centers, Inc. v. Bannerman*, 411 So. 2d 109 (Ala. 1982) (affirming a $500,000 award for the wrongful death of the burned nursing home resident).

**D. Milbry's Complaint requests damages in excess of the required jurisdictional amount in controversy.**

As indicated above, Milbry's Complaint requests punitive damages "in the amount to be determined by the jury." Given the overwhelming evidence that punitive damages awards "determined by juries" in wrongful death cases in Alabama far exceed the $75,000 threshold jurisdictional amount for diversity cases, the amount in controversy is satisfied. Moreover, because a nursing home claim in Montgomery County with virtually identical allegations to Milbry's Complaint returned a jury verdict for $2 million dollars, GGNSC Montgomery has set forth undisputed evidence that the amount in controversy is satisfied in this action.

## CONCLUSION

Milbry is a resident of Alabama, and GGNSC Montgomery, LLC is a resident of Arkansas, by and through its sole member, GGNSC Holdings, LLC. Plaintiff is seeking an

7

unlimited amount of punitive damages for wrongful death to be determined by a jury. Juries in Alabama (including Montgomery County, Alabama) have awarded damages far exceeding the $75,000 in many wrongful death cases. More specifically, a jury awarded $2 million dollars in a wrongful death case against another nursing home, asserting the identical allegations and arising in the same county as this action. Thus, this case is removable since there is complete diversity of citizenship and the jurisdictional amount in controversy exceeds $75,000.

WHEREFORE, GGNSC Montgomery, LLC removes this cause to this Court pursuant to 28 USC §§ 1332 and 1441.

Respectfully submitted:

W. BENJAMIN BROADWATER (BRO150)
MARCUS T. FOXX (FOX011)
Attorneys for Defendant


OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

<u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the foregoing Notice of Removal on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid:

Jock M. Smith
Brian P. Strength
Valerie Rucker Russell
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
306 North Main Street
Post Office Box 830419
Tuskegee, Alabama  36083

Done this _17_ day of _September_ , 2007.

COUNSEL

9



State of Alabama
Unified Judicial System                 SUMMONS - CIVIL

Case Number
CV-07 – *1226*
ID  YR  #

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

Plaintiff:  Leola Milbry obo Estate of Early Milbry, et al.   v.   Defendant(s):  Beverly HC Tyson dba
                                                                                   Tyson Manor

NOTICE TO:        Beverly HC Tyson
                  dba Tyson Manor
                  2020 North Country Club Drive
                  Montgomery, AL 36106

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR
ATTORNEY ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN
ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO
THE PLAINTIFFS' ATTORNEY *VALERIE RUCKER RUSSELL* WHOSE ADDRESS IS POST
OFFICE BOX 830419, TUSKEGEE, ALABAMA 36083. THIS ANSWER MUST BE MAILED OR
DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE
DELIVERED TO YOU OR A JUDGMENT OF DEFAULT MAY BE ENTERED AGAINST YOU
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO
FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

---

To any Sheriff or any person authorized by either rules 4.1(b) (2) or 4.2(b) (2) or 4.4 (b)(2) of
the Alabama Rules of Civil Procedure:  You are hereby commanded to serve this summons
and a copy of the complaint in this action upon defendant.

X      This service is by certified mail of this summons and is initiated upon the written request of
       Plaintiff(s) pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

8/15/07                      _Melissa Petteaun_                    By_____
Date                         Clerk/Register

**RETURN OF SERVICE:**

☐     Certified Mail return receipt received in this office on (Date)_____ (Return receipt
      hereto attached).

☐     I certify that I personally delivered a copy of the Summons and Complaint to _____
      _____ in _____ County, Alabama, on (Date)_____.

_____                          _____
Date                                     Server's Signature

Address of Server:_____        Type of Server:_____

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

LEOLA MILBRY; AS THE PERSONAL *
REPRESENTATIVE OF THE              *
ESTATE OF EARLY MILBRY,            *
DECEASED                           *
Plaintiff,                         *
                                   *     CIVIL ACTION NO. CV-07- __1226__
vs.                                *
                                   *
BEVERLY HC TYSON dba TYSON         *
MANOR, and Fictitious Defendants   *
1-20, whether singular             *
or plural, as those other persons, *
corporations, firms or other entities *
whose wrongful conduct caused      *
or contributed to cause the injuries *
and damages to the Plaintiff, all of *
whose true and correct names are   *
unknown to Plaintiff at this time, *
but will be added by amendment     *
when ascertained,                  *
                                   *
Defendants.                        *

### COMPLAINT

### STATEMENT OF THE PARTIES

1.  Leola Milbry is the Personal Representative of the Estate of Early Milbry, deceased, (hereinafter referred to as "Decedent"). As the Personal Representative of the Estate of the Decedent, she is entitled to file this action pursuant to the provisions of the Code of Alabama, (1975). Further, Leola Milbry, as the Personal Representative of the Estate of Early Milbry, files this action pursuant to the Alabama Wrongful Death Act; §6-5-410 of the Code of Alabama, (1975).

2.  Defendant Beverly HC Tyson dba Tyson Manor (hereinafter referred to as the "Tyson Manor") is an entity whose status is unknown with its primary place of business being 2020 North Country Club Drive, Montgomery, Alabama 36106.

3.   Fictitious Defendant 1-3, whether singular or plural, is the t entity improperly designated as Tyson Manor in this Complaint whose agents and/or employees' acts, omissions, negligence and/or wantonness caused or combined to cause the Decedent's death.

4.   Fictitious Defendants 4-6, whether singular or plural, are those physicians, individuals or entities, are and/or were residents of the State of Alabama at all material times described herein, whose acts or omissions caused or combined to cause the Decedent's deaths.

5.   Fictitious Defendants 7-8, whether singular or plural, can be held vicarious liable, regardless of the theory asserted, for the act or omission, of any individual or entities whose acts or omissions caused or combined to cause the Decedent's death.

6.   Fictitious Defendants 9-10, whether singular or plural, are those  individuals or entities whose negligence and/or wantonness caused or combined and concurred to cause Decedent's death.

7.   Fictitious Defendants 11-20 are those nurses employed with Defendant Tyson Manor and at the time all incidents complained herein where acting within the line and scope of their duties with Defendant Tyson Manor.

8.   Fictitious Defendant 11-20 are also being sued in their individually capacity.

9.   The identities of all Fictitious Defendants are currently unknown to Plaintiff, and, if after reasonable diligence, their identities are discovered, they will added or substituted as Defendants within a reasonable time.

## FACTS

10.  On or about May 4, 2005 and thereafter, the Defendant and Fictitious Party Defendants wholly failed to discharge their obligations of care to the Decedent and thus causing the Decedent's death. Further, the Defendant and Fictitious Party Defendants wholly failed to discharge their obligations of care to the Decedent by causing or allowing the Decedent to develop severe and mortal bed sores on his coccyx, feet, scrotum and elsewhere and thereafter not adequately and/or properly providing treatment. As a consequence thereof, the Decedent died.

-2-

## COUNT ONE: WRONGFUL DEATH

11.  Plaintiff alleges that on all of the occasions complained of herein, the Decedent was under the care, supervision and treatment of the agents and/or employees of the Defendants and that the Decedent's death was proximately caused by the acts and/or omissions of said Defendants and/or the fictitious parties named herein.

12.  Defendants had vicarious liability for the acts and/or omissions of all persons or entities under Defendants' control either direct or indirect including their employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies or pools causing the death of the Decedent.

13.  The Defendants owed a duty to the Decedent to hire, train and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

14.  The employees of Tyson Manor owed a duty the Decedent to render care and services as a reasonably prudent and similarly situated facility employee would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

15.  Defendants and their employees and consultants breached their common law duties as set forth above.  As a result of this breach, the Decedent died.

16.  The acts, omissions, negligence, gross negligence and/or wantonness of the Defendants, their employees and consultants, and/or the fictitious parties named herein, includes, but is not limited to, one or more of the following omissions:

    (a)  The failure to provide sufficient numbers of qualified personnel including nurses, nurse assistants, medication aides, and orderlies, (hereinafter "nursing personnel") to meet the total needs of the Decedent in conjunction with the needs of other residents of Tyson Manor.

    (b)  The failure to increase the number of nursing personnel at Tyson Manor to insure that the Decedent did not suffer the injuries as described herein.

    (c)  The failure to provide adequate supervision to the nursing staff so as to assure that the Decedent had sufficient nursing staff and reasonable safety measures and protection.

    (d)  The failure to adequately assess, evaluate and supervise nurses, nurses aides or assistants, medication assistants, dietary personnel and other personnel so as to assure that the Decedent received good, proper nursing care, in accordance with the policy

-3-

and procedures manual of the Defendant, the Rules of the Alabama State Board of Health for nursing facilities, and the regulations of the U.S. Department of Health and Human Services.

(e).    The failure of the corporate Defendants to adequately supervise the Administrator of Tyson Manor.

(f)     The failure to adequately supervise the Director of Nurses at Tyson Manor.

(g)   .    The failure to provide a nursing staff that was properly manned, qualified, trained and motivated.

(h)    The failure to adequately screen, evaluate and check references, test for competence, and use ordinary care in selecting nursing personnel to work at Tyson Manor.

·(i)    The failure to terminate employees at Tyson Manor assigned to the Decedent that were known to be careless, incompetent, unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Alabama State Board of Health.

(j)    The failure to assign nursing personnel duties consistent with their education and experience based on:

   1.    The Decedent's history and condition including nursing and rehabilitative needs;

   2.    The characteristics of the patient population residing in the area of the facility where the Decedent was a resident; and,

   3.    The nursing skills needed to provide care to such resident population.

(k)    The failure to establish, publish and/or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of the Decedent.

(l)    The failure to provide and assure an adequate nursing care plan based on the needs of the Decedent at the time of his admission.

(m)    The failure to provide and assure adequate nursing care plan revisions and modifications as the needs of the Decedent changed.

(n)    The failure to implement and assure that an adequate nursing care plan for the Decedent was followed by nursing personnel.

(o)    The failure to adopt adequate guidelines, policies and procedures for:

   1.    Investigating the relevant facts, underlying deficiencies or licensure violations or penalties found to exist at Tyson Manor by the Alabama State Board of Health or any state or federal survey agency;

-4-

2.   The cause of any such deficiencies, violations, or penalties; and,

3.   The method and means for correcting deficiencies or licensure violations or penalties found to exist at Tyson Manor.

(p)   The failure to adopt adequate guidelines, policies and procedures for determining whether Tyson Manor had sufficient numbers of nursing personnel which includes nurses, nurses assistants, medication assistants, orderlies and other staff to:

1.   Provide 24 hour nursing services;

2.   Meet the needs of residents who are admitted to or remain in the facility; and,

3.   Meet the total nursing needs of patients.

(q)   The failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of patient care, the quality of patient care or misconduct by employees, no matter whether such complaint derived from a resident of said facility, and employee of the facility or any interested person.

(r)   The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in patient care.

(s)   The failure by members of the governing body of Tyson Manor to discharge their legal and lawful obligation by:

1.   Assuring that the rules and regulations designed to protect the health and safety of the residents, such as the Decedent, as promulgated by the Alabama State Board of Health were consistently complied with on an ongoing basis;

2.   Assuring that the patient care policies were consistently complied with on an ongoing basis;

3.   Assuring that the policy and procedures manuals were updated and modified to address problems which consistently emerged at the facility; and,

4.   Responsibly assuring that appropriate corrective measures were implemented to cure problems concerning inadequate patient care.

(t)   The failure to assure and provide care, treatment and medication in accordance with physician orders.

(u)   The failure to maintain medical records which contained sufficient information to justify the diagnosis and treatment and to document the results, including, at a minimum, documented evidence of assessment of the needs of the Decedent, of establishment of appropriate plans of care and treatment, and the care and services provided.

-5-

**EXHIBIT B**

CV-2007-1226

| State of Alabama<br>Unified Judicial System<br><br>Form ARCIvP-93  Rev. 5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number<br>C V<br>Date of Filing:<br>Month  Day  Year | Judge Code: |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF **Montgomery County**, ALABAMA
(Name of County)

**Leola Milbey as Personal Rep for the** v. **Beverly HC Tyson dba Tyson**
**Estate of Early Milbey** Plaintiff                    Defendant **Manor**

First Plaintiff  ☐ Business  ☑ Individual        First Defendant  ☑ Business  ☐ Individual
☐ Government  ☐ Other                              ☐ Government  ☐ Other

---

NATURE OF SUIT:  Select primary cause of action, by checking box *(check only one)* that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
          Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction
          Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

*(stamp: FILED CIRCUIT COURT OF MONTGOMERY COUNTY 2007 AUG -2 AM 9: 35)*

---

ORIGIN *(check one):*  F ☑ INITIAL FILING    A ☐ APPEAL FROM DISTRICT COURT    O ☐ OTHER: _____
R ☐ REMANDED    T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

HAS JURY TRIAL BEEN DEMANDED?  ☑ YES  ☐ NO    Note:  Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

RELIEF REQUESTED:  ☑ MONETARY AWARD REQUESTED    ☐ NO MONETARY AWARD REQUESTED

---

ATTORNEY CODE:
R U S 0 5 8    **8-1-07**    *Valerie Rucker Russell*
Date            Signature of Attorney/Party filing this form

---

MEDIATION REQUESTED:  ☐ YES  ☑ NO  ☐ UNDECIDED

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

LEOLA MILBRY; AS THE PERSONAL  \*
REPRESENTATIVE OF THE              \*
ESTATE OF EARLY MILBRY,            \*
DECEASED                           \*
Plaintiff,                         \*
                                   \*
                                   \*
vs.                                \*    CIVIL ACTION NO. CV-07-_1226_
                                   \*
BEVERLY HC TYSON dba TYSON         \*
MANOR, and Fictitious Defendants   \*
1-20, whether singular             \*
or plural, as those other persons, \*
corporations, firms or other entities \*
whose wrongful conduct caused      \*
or contributed to cause the injuries \*
and damages to the Plaintiff, all of \*
whose true and correct names are   \*
unknown to Plaintiff at this time, \*
but will be added by amendment     \*
when ascertained,                  \*
                                   \*
                                   \*
Defendants.                        \*

## COMPLAINT

## STATEMENT OF THE PARTIES

1.   Leola Milbry is the Personal Representative of the Estate of Early Milbry, deceased, (hereinafter referred to as "Decedent"). As the Personal Representative of the Estate of the Decedent, she is entitled to file this action pursuant to the provisions of the <u>Code of Alabama</u>, (1975). Further, Leola Milbry, as the **Personal Representative** of the Estate of Early Milbry, files this action pursuant to the Alabama Wrongful Death Act; §6-5-410 of the <u>Code of Alabama</u>, (1975).

2.   Defendant Beverly HC Tyson dba Tyson Manor (hereinafter referred to as the "Tyson Manor") is an entity whose status is unknown with its primary place of business being 2020 North Country Club Drive, Montgomery, Alabama 36106.

3. Fictitious Defendant 1-3, whether singular or plural, is that entity improperly designated as Tyson Manor in this Complaint whose agents and/or employees' acts, omissions, negligence and/or wantonness caused or combined to cause the Decedent's death.

4. Fictitious Defendants 4-6, whether singular or plural, are those physicians, individuals or entities, are and/or were residents of the State of Alabama at all material times described herein, whose acts or omissions caused or combined to cause the Decedent's death.

5. Fictitious Defendants 7-8, whether singular or plural, can be held vicarious liable, regardless of the theory asserted, for the act or omission, of any individual or entities whose acts or omissions caused or combined to cause the Decedent's death.

6. Fictitious Defendants 9-10, whether singular or plural, are those individuals or entities whose negligence and/or wantonness caused or combined and concurred to cause Decedent's death.

7. Fictitious Defendants 11-20 are those nurses employed with Defendant Tyson Manor and at the time all incidents complained herein where acting within the line and scope of their duties with Defendant Tyson Manor.

8. Fictitious Defendant 11-20 are also being sued in their individually capacity.

9. The identities of all Fictitious Defendants are currently unknown to Plaintiff, and, if after reasonable diligence, their identities are discovered, they will added or substituted as Defendants within a reasonable time.

### FACTS

10. On or about May 4, 2005 and thereafter, the Defendant and Fictitious Party Defendants wholly failed to discharge their obligations of care to the Decedent and thus causing the Decedent's death. Further, the Defendant and Fictitious Party Defendants wholly failed to discharge their obligations of care to the Decedent by causing or allowing the Decedent to develop severe and mortal bed sores on his coccyx, feet, scrotum and elsewhere and thereafter not adequately and/or properly providing treatment. As a consequence thereof, the Decedent died.

## COUNT ONE: WRONGFUL DEATH

11.   Plaintiff alleges that on all of the occasions complained of herein, the Decedent was under the care, supervision and treatment of the agents and/or employees of the Defendants and that the Decedent's death was proximately caused by the acts and/or omissions of said Defendants and/or the fictitious parties named herein.

12.   Defendants had vicarious liability for the acts and/or omissions of all persons or entities under Defendants' control either direct or indirect including their employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies or pools causing the death of the Decedent.

13.   The Defendants owed a duty to the Decedent to hire, train and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

14.   The employees of Tyson Manor owed a duty the Decedent to render care and services as a reasonably prudent and similarly situated facility employee would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

15.   Defendants and their employees and consultants breached their common law duties as set forth above. As a result of this breach, the Decedent died.

16.   The acts, omissions, negligence, gross negligence and/or wantonness of the Defendants, their employees and consultants, and/or the fictitious parties named herein, includes, but is not limited to, one or more of the following omissions:

    (a)   The failure to provide sufficient numbers of qualified personnel including nurses, nurse assistants, medication aides, and orderlies, (hereinafter "nursing personnel") to meet the total needs of the Decedent in conjunction with the needs of other residents of Tyson Manor.

    (b)   The failure to increase the number of nursing personnel at Tyson Manor to insure that the Decedent did not suffer the injuries as described herein.

    (c)   The failure to provide adequate supervision to the nursing staff so as to assure that the Decedent had sufficient nursing staff and reasonable safety measures and protection.

    (d)   The failure to adequately assess, evaluate and supervise nurses, nurses aides or assistants, medication assistants, dietary personnel and other personnel so as to assure that the Decedent received good, proper nursing care, in accordance with the policy

-3-

and procedures manual of the Defendant, the Rules of the Alabama State Board of Health for nursing facilities, and the regulations of the U.S. Department of Health and Human Services.

(e)    The failure of the corporate Defendants to adequately supervise the Administrator of Tyson Manor.

(f)    The failure to adequately supervise the Director of Nurses at Tyson Manor.

(g)    The failure to provide a nursing staff that was properly manned, qualified, trained and motivated.

(h)    The failure to adequately screen, evaluate and check references, test for competence, and use ordinary care in selecting nursing personnel to work at Tyson Manor.

(i)    The failure to terminate employees at Tyson Manor assigned to the Decedent that were known to be careless, incompetent, unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Alabama State Board of Health.

(j)    The failure to assign nursing personnel duties consistent with their education and experience based on:

   1.    The Decedent's history and condition including nursing and rehabilitative needs;

   2.    The characteristics of the patient population residing in the area of the facility where the Decedent was a resident; and,

   3.    The nursing skills needed to provide care to such resident population.

(k)    The failure to establish, publish and/or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of the Decedent.

(l)    The failure to provide and assure an adequate nursing care plan based on the needs of the Decedent at the time of his admission.

(m)    The failure to provide and assure adequate nursing care plan revisions and modifications as the needs of the Decedent changed.

(n)    The failure to implement and assure that an adequate nursing care plan for the Decedent was followed by nursing personnel.

(o)    The failure to adopt adequate guidelines, policies and procedures for:

   1.    Investigating the relevant facts, underlying deficiencies or licensure violations or penalties found to exist at Tyson Manor by the Alabama State Board of Health or any state or federal survey agency;

-4-

2.     The cause of any such deficiencies, violations, or penalties; and,

3.     The method and means for correcting deficiencies or licensure violations or penalties found to exist at Tyson Manor.

(p)    The failure to adopt adequate guidelines, policies and procedures for determining whether Tyson Manor had sufficient numbers of nursing personnel which includes nurses, nurses assistants, medication assistants, orderlies and other staff to:

1.     Provide 24 hour nursing services;

2.     Meet the needs of residents who are admitted to or remain in the facility; and,

3.     Meet the total nursing needs of patients.

(q)    The failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of patient care, the quality of patient care, or misconduct by employees, no matter whether such complaint derived from a resident of said facility, and employee of the facility or any interested person.

(r)    The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in patient care.

(s)    The failure by members of the governing body of Tyson Manor to discharge their legal and lawful obligation by:

1.     Assuring that the rules and regulations designed to protect the health and safety of the residents, such as the Decedent, as promulgated by the Alabama State Board of Health were consistently complied with on an ongoing basis;

2.     Assuring that the patient care policies were consistently complied with on an ongoing basis;

3.     Assuring that the policy and procedures manuals were updated and modified to address problems which consistently emerged at the facility; and,

4.     Responsibly assuring that appropriate corrective measures were implemented to cure problems concerning inadequate patient care.

(t)    The failure to assure and provide care, treatment and medication in accordance with physician orders.

(u)    The failure to maintain medical records which contained sufficient information to justify the diagnosis and treatment and to document the results, including, at a minimum, documented evidence of assessments of the needs of the Decedent, of establishment of appropriate plans of care and treatment, and the care and services provided.

-5-

       (v)    The failure to appropriately monitor the Decedent.

17.    A reasonably prudent similarly situated facility, operating under the same or similar conditions, would not have failed to provide the important care listed above.

**WHEREFORE**, as a direct and proximate result of the acts, omissions, negligence, grossly negligent, wanton, reckless, malicious and/or intentional conduct, pursuant to the Alabama Wrongful Death Act; §6-5-410 of the <u>Code of Alabama</u>, (1975), Plaintiff asserts a claim for judgment for all punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants in an amount to be determined by the jury, plus costs and other relief to which Plaintiff is entitled by law.

Respectfully Submitted,

JOCK M. SMITH (SMI047)
BRIAN P. STRENGTH (STR 052)
VALERIE RUCKER RUSSELL (RUS038)
Attorney for Plaintiff

**OF COUNSEL:**
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
306 North Main Street
Post Office Box 830419
Tuskegee, Alabama 36083
(334) 727-0060
(334) 727-7197-fax

**<u>PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.</u>**

OF COUNSEL

-6-

State of Alabama
Unified Judicial System

**SUMMONS - CIVIL**

Case Number
CV-07-/*2*2*6*
ID YR #

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

Plaintiff: Leola Milbry obo Estate of Early Milbry, et al.   v.   Defendant(s):   Beverly HC Tyson dba
Tyson Manor

NOTICE TO:         Beverly HC Tyson
dba Tyson Manor
2020 North Country Club Drive
Montgomery, AL 36106

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.  YOU OR YOUR
ATTORNEY ARE REQUIRED TO MAIL OR HAND-DELIVER A COPY OF A WRITTEN
ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO
THE PLAINTIFFS' ATTORNEY *VALERIE RUCKER RUSSELL* WHOSE ADDRESS IS POST
OFFICE BOX 830419, TUSKEGEE, ALABAMA 36083. THIS ANSWER MUST BE MAILED OR
DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE
DELIVERED TO YOU OR A JUDGMENT OF DEFAULT MAY BE ENTERED AGAINST YOU
FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO
FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

To any Sheriff or any person authorized by either rules 4.1(b) (2) or 4.2(b) (2) or 4.4 (b)(2) of
the Alabama Rules of Civil Procedure:  You are hereby commanded to serve this summons
and a copy of the complaint in this action upon defendant.

X   This service is by certified mail of this summons and is initiated upon the written request of
Plaintiff(s) pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

8/15/07 _____         ___Melissa Pittenaur___ By: _____
Date                                    Clerk/Register

**RETURN OF SERVICE:**

☐   Certified Mail return receipt received in this office on (Date)_____ (Return receipt
hereto attached).

☐   I certify that I personally delivered a copy of the Summons and Complaint to _____
_____ in _____ County, Alabama, on (Date)_____.

_____
Date

_____
Server's Signature

Address of Server:_____         Type of Server:_____

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *May Scott* ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name* )  C. Date of Delivery<br>*Mary Scott*  8/16 |
| 1. Article Addressed to:<br><br>Beverly HC Tyson<br>dba Tyson Manor<br>2020 North Country Club Drive<br>Montgomery, AL 36106 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☒ No<br><br>CV-2007-1226 DI<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)*  7005 1160 0002 7979 0253 | |
| PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540 | |



**AlaFile E-Notice**

03-CV-2007-001226.00

Judge: HON. JOHNNY HARDWICK

To: RUSSELL VALERIE RUCKER
    vrussell@cochranlawtuskegee.com

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### LEOLA MILBRY VS BEVERLY HC TYSON DBA TYSON MANOR
### 03-CV-2007-001226.00

The following matter was served on 8/16/2007

**D001 BEVERLY HC TYSON DBA TYSON M**
**CERTIFIED MAIL**

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001226.00

Judge: HON. JOHNNY HARDWICK

To:  STRENGTH BRIAN PAUL
     bstrength@cochranlawtuskegee.com

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### LEOLA MILBRY VS BEVERLY HC TYSON DBA TYSON MANOR
### 03-CV-2007-001226.00

The following matter was served on 8/16/2007

### D001 BEVERLY HC TYSON DBA TYSON M
### CERTIFIED MAIL

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950



**AlaFile E-Notice**

03-CV-2007-001226.00

Judge: HON. JOHNNY HARDWICK

To:  SMITH JOCK M
     306 NORTH MAIN STREET
     P.O. BOX 830419
     TUSKEGEE, AL 36083

---

# NOTICE OF SERVICE

---

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

### LEOLA MILBRY VS BEVERLY HC TYSON DBA TYSON MANOR
### 03-CV-2007-001226.00

The following matter was served on 8/16/2007

**D001 BEVERLY HC TYSON DBA TYSON M**

**CERTIFIED MAIL**

**MELISSA RITTENOUR**
**CIRCUIT COURT CLERK**
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL 36102

334-832-4950

Support Forums  |  L

# alacourt.com™
**The Alabama Trial Court System at your desk**

Company Name: ALFORD CLAUSEN & MCDONALD LLC        User ID: ACM2        Last login Date: 9/14/2007 Time: 1:30 PM

**: Main Menu**

**Search**
- ▪ Party Search
- ▪ Case Lookup
- ▪ Attorney Search
- ▪ Warrant Search
- ▪ Witness Search
- ▪ DocketSearch
- ▪ HotSheet™

**Tracking**
- ▪ Attorney Tracker
- ▪ Case Monitor
- ▪ Name Tracker
- ▪ Reminders

**Desktop**
- ▪ My Alacourt
- ▪ My Attorney

**Administration**
- ▪ Update User Info

| View Case Summary | Monitor Case | Print Case Action Summary | Print Case

County: **03 - MONTGOMERY**        Case Number: **03-CV-2007-001226.00**
Name: **LEOLA MILBRY VS BEVERLY HC TYSON DBA TYSON MANOR**
Charge: **WRONGFUL DEATH**

## Case

See Case Detail Record from Alacourt.com version 1.

### Case Information
| | |
|---|---|
| County: | **03 - MONTGOMERY** |
| Case Number: | **CV 2007 001226 00** |
| JID: | **J-H HON. JOHNNY HARDWICK** |
| Trial: | **J** |
| Style: | **LEOLA MILBRY VS BEVERLY HC TYSON DBA TYSON MANOR** |
| Filed: | **08/02/2007** |

### Case Type
| | |
|---|---|
| Code: | **WDEA** |
| Type: | **WRONGFUL DEATH** |
| Track: | |
| Status: | **A ACTIVE** |
| Plaintiffs: | **001** |
| Defendants: | **001** |

### Court Action
| | |
|---|---|
| DJID: | |
| Court Action: | |
| Judgment For: | |
| Trial days: | **0** |

### Damages
| | |
|---|---|
| Amount: | **$0.00** |
| Compensatory: | |
| Punitive: | |
| General: | |
| None: | |

### Other Actions
| | | |
|---|---|---|
| Cont Date: | Cont #: | why: |
| RevJmt: | Admin Date: | Why: |
| Appeal Date: | Court: | Case: |
| Mistrial: | | TBNV2: |
| DSDT: | | DTYP: |

### Comments
Comment 1:
Comment 2:

## Settings

## Parties

## Consolidated Case Action Summary

### Images   03-CV-2007-001226.00

| Key | Date | Pages | Document Type | Name | Description | Key Words |
|---|---|---|---|---|---|---|
| 03-CV-2007-001226.00 | 8/2/2007 | 8 | CV CASE | TYSON BEVERLY | COMPLAINT | MILBRY LEOLA |
| 03-CV-2007-001226.00 | 8/16/2007 | 1 | CV CASE | TYDON BEVERLY | SUMMONS | LEOLA MILBRY |
| 03-CV-2007-001226.00 | 8/21/2007 | 3 | E-FILE | | E-FILE | SERVICE RETURN - TRANSM |

## Witness List



# CORPORATE DETAILS
## Office of the Secretary of State
## State of Alabama



INITIATE NEW BROWSE

Company                                                      FLL 609-962
  Legal Name:   GGNSC Montgomery LLC

State Of Reg:   Delaware

Reg Date....:   02-01-2006

Formed Date.:   01-23-2006

Reg Agent...:   CSC LAWYERS INCORPORATING SVC INC
                150 SOUTH PERRY ST
                MONTGOMERY, AL  36104

Prin Address:   2020 N COUNTRY CLUB DR
                MONTGOMERY, AL

Nat Of Bus..:   HOLDING COMPANY

TRANSACTION LIST

 ← PREVIOUS PAGE

© 2007, Office of the Secretary of State, State of Alabama



Westlaw.

Slip Copy

Slip Copy, 2007 WL 1219724 (M.D.Ala.)

**(Cite as: Slip Copy)**

Page 1

Billingsley v. McWhorter Farms, LLC
M.D.Ala.,2007.
Only the Westlaw citation is currently available.
    United States District Court,M.D. Alabama,Eastern
Division.
        Luther L. BILLINGSLEY, Plaintiff,
                        v.
    McWHORTER FARMS, LLC, et al., Defendants.
                No. 3:06-CV-795-WKW.

                    April 25, 2007.

David Morrison Cowan, Mann Cowan & Potter PC,
Birmingham, AL, Richard Keith Thomas, R. Keith
Thomas, LLC, Tuskegee, AL, for Plaintiff.
Steven Keith Herndon, Jack B. Hinton, Jr., Gidiere,
Hinton, Herndon & Christman, Montgomery, AL,
Lea Richmond, IV, Thomas Lee Oliver, II, Carr
Allison Pugh Howard Oliver & Sisson PC,
Birmingham, AL, for Defendants.

W. KEITH WATKINS, United States District Judge.
*1 Before the court is the Plaintiff's Motion to
Remand (Doc. # 10) this action to state court. For the
reasons that follow, the motion is due to be
GRANTED.

On March 14, 2006, Luther L. Billingsley (" 
Billingsley" ) was involved in an accident on
Interstate 85 with Michael L. Adkins (" Adkins" ), a
truck driver employed with McWhorter Farms, LLC
(" McWhorter" ). Billingsley claims that " Defendant
Adkins negligently and/or wantonly caused or
allowed [his] vehicle to collide with a motor vehicle
being driven by Billingsley." (Compl.¶ 6.) Billingsley
also brought suit against Lifestar Response of
Alabama, Inc., d/b/a Car Ambulance (" Lifestar" ). In
his complaint, Billingsley alleges that:
Following the accident made the basis of this suit, the
Plaintiff Billingsley was attended to by ambulance
personnel employed by Defendant Lifestar. During
the time said Billingsley was being attended to by
said employees of Lifestar, Billingsley was attended
to and/or transported in such a way so as to cause
and/or contribute to cause the pain and/or injuries
that were suffered by Billingsley in the wreck made
the basis of this suit.

(Compl.¶ 7.)

Billingsley originally filed this action against
Lifestar, McWhorter, Adkins, and various fictitious
defendants in the Circuit Court of Macon County,
Alabama.[FN1] It is undisputed that Billingsley and
Lifestar are citizens of Alabama, and Adkins is a
citizen of Kentucky. Defendants have correctly
asserted that McWhorter's citizenship is the
citizenship of all of its members. Because there is
only one member of the limited liability company,
and he is a resident of Kentucky, McWhorter is
therefore a citizen of Kentucky. See Rolling Greens
MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374
F.3d 1020, 1022 (11th Cir.2004) (holding that for
purposes of diversity jurisdiction, a limited liability
company's citizenship is the citizenship of its
members).

> FN1. Fictitious defendants are not permitted
> in federal cases, and as such the citizenship
> of the fictitious defendants are ignored for
> purposes of federal diversity jurisdiction.
> See New v. Sports & Rec., Inc., 114 F.3d
> 1092, 1094 n. 1 (11th Cir.1997).

On September 5, 2006, McWhorter and Adkins
(collectively " defendants" ) removed this case to the
Middle District of Alabama pursuant to 28 U.S.C. §
1441. Defendants based removal upon their collective
assertion of federal subject matter jurisdiction under
28 U.S.C. § 1332. Defendants argue that Billingsley
fraudulently joined Lifestar, an Alabama corporation,
to purposefully defeat original federal jurisdiction.
Billingsley then filed the instant motion to remand.

Federal courts have a strict duty to exercise the
jurisdiction conferred on them by Congress.
Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716
(1996). However, federal courts are courts of limited
jurisdiction. Burns v. Windsor Ins. Co., 31 F.3d 1092,
1095 (11th Cir.1994). Thus, with respect to motions
to remand cases removed to this Court pursuant to 28
U.S.C. § 1441, the law of this Circuit favors remand
where federal jurisdiction is not absolutely clear. " 
[R] emoval statutes are construed narrowly; where
plaintiff and defendant clash about jurisdiction,
uncertainties are resolved in favor of remand." Id.

*2 In determining whether to remand a case, " the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 2

Slip Copy, 2007 WL 1219724 (M.D.Ala.)

**(Cite as: Slip Copy)**

district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) (citation omitted). These determinations should be " based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Id.*

" In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe,* 113 F.3d at 1538. " [A] third situation of fraudulent joinder was identified-i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir.1998) (citation omitted). Defendants argue only the first prong of *Crowe.* They contend that Billingsley is foreclosed from maintaining an action against Lifestar under the heightened pleading requirements of the Alabama Medical Liability Act (" AMLA" ).Ala.Code § 6-5-541 (1975).

" The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT & T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998)." The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs,* 154 F.3d at 1287. " [A]ny ambiguity or doubt about the substantive state law favors remand to state court." *Crowe,* 113 F.3d at 1539. The question that this court must answer is whether Billingsley has the possibility of stating a valid cause of action against Lifestar. The court finds that he does.

Defendants label Billingsley's cause of action against Lifestar as one arising under the AMLA. Additionally, because the action allegedly arose under the AMLA, defendants argue that Billingsley

has failed to state a cause of action because he did not plead his case with specificity. The AMLA governs most theories of legal liability against health care providers in Alabama. Section 6-5-542 defines health care provider as " [a] medical practitioner, dental practitioner, medical institution, physician, dentist, hospital, or other health care provider as those terms are defined in Section 6-5-481." Ala.Code § 6-5-542(1) (1975). Further, the term " other health care provider"  is defined as " [a]ny professional corporation or any person employed by physicians, dentists, or hospitals who are directly involved in the delivery of health care services." Ala.Code § 6-5-481 (1975). Noticeably absent in the Alabama statute and precedent is the inclusion of ambulance services.

*3 Defendants do not cite, nor can the court find, any published Alabama opinion holding that an action against an ambulance service is governed by the AMLA. Defendants cite various cases holding that pharmacists, nursing homes, etc., are health care providers, but no case mentions ambulance services. Defendants implicitly argue that this case should be decided on the merits as to Lifestar. However, the court's duty at this stage is to determine whether there is a possibility that an Alabama court could find that plaintiff's complaint states a claim against Lifestar. This appears to be an issue of first impression, and because Alabama law is unsettled, this case is one that should be remanded. *See Florence v. Crescent Resources, LLC,* --- F.3d ----, 2007 WL 1138393 (11th Cir. Apr. 18, 2007) (remand is appropriate when state law is unsettled as to an issue in the complaint).

Defendants' contentions that Billingsley fails to plead a cause of action under the AMLA with specificity is also an issue for Alabama state courts. If it is later determined that ambulance services are not included within the AMLA, then simple notice pleading is required, and defendants' contention that Billingsley failed to comply with the heightened pleading standard of the AMLA is moot.

Because there is a lack of complete diversity between the parties, the question whether the amount in controversy is above $75,000 will not be considered.

For the foregoing reasons, defendants have not met their burden of establishing fraudulent joinder. It is hereby ORDERED that:

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 3
Slip Copy, 2007 WL 1219724 (M.D.Ala.)
**(Cite as: Slip Copy)**


1. Billingsley's Motion to Remand (Doc. # 10) is
GRANTED;

2. This case is REMANDED to the Circuit Court of
Macon County, Alabama;

3. The Clerk is DIRECTED to take appropriate steps
to effect the remand; and

4. Any pending motions are left for resolution by the
Circuit Court of Macon County, Alabama.

M.D.Ala.,2007.
Billingsley v. McWhorter Farms, LLC
Slip Copy, 2007 WL 1219724 (M.D.Ala.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(v)    The failure to appropriately monitor the Deceden .

17.    A reasonably prudent similarly situated facility, opening under the same or similar conditions, would not have failed to provide the important care listed above.

**WHEREFORE**, as a direct and proximate result of the acts omissions, negligence, grossly negligent, wanton, reckless, malicious and/or intentional conduct, pursuant to the Alabama Wrongful Death Act; §6-5-410 of the Code of Alabama, (1975), Plaintiff asserts a claim for judgment for all punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants in an amount to be determined by the jury, plus costs and other relief to which Plaintiff is entitled by law.

Respectfully Submitted,

*Valerie Rucker Russell*

JOCK M. SMITH (SMI047)
BRIAN P. STRENGTH (STR 052)
VALERIE RUCKER RUSSELL (RUS038)
Attorney for Plaintiff

**OF COUNSEL:**
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
306 North Main Street
Post Office Box 830419
Tuskegee, Alabama 36083
(334) 727-0060
(334) 727-7197-fax

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.**

*Valerie Rucker Russell*

OF COUNSEL

-6-

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000479
Cashier ID: brobinso
Transaction Date: 09/17/2007
Payer Name: ALFORD CLAUSEN MCDONALD
------------------------------------
CIVIL FILING FEE
 For: ALFORD CLAUSEN MCDONALD
 Case/Party: D-ALM-2-07-CV-000837-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 20029484
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

MILBRY V. GGNSC / TYSON MANOR
```



EXHIBIT
D



ARKANSAS
SECRETARY OF STATE

SEARC

Home
About the Office
Elections
Business/
Commercial Services
Capitol Grounds
News
Educational Material
Forms

## Search Incorporations, Cooperatives, Banks and Insurance Con

| | |
|---|---|
| Corporation Name | GGNSC HOLDINGS LLC |
| Fictitious Names | GOLDEN HORIZONS |
| Filing # | 800092560 |
| Filing Type | Foreign Limited Liability Company |
| Filed under Act | Foreign LLC; 1003 of 1993 |
| Status | Good Standing |
| Principal Address | |
| Reg. Agent | CORPORATION SERVICE COMPANY |
| Agent Address | 101 S. SPRING STREET, SUITE 220 |
| | LITTLE ROCK, AR 72201 |
| Date Filed | 09/01/2006 |
| Officers | |
| | KRISTA ELMORE , Tax Preparer |
| Foreign Name | N/A |
| Foreign Address | 1000 BEVERLY WAY |
| | FORT SMITH, AR 72919 |
| State of Origin | DE |



State Capitol. Rm 256
Little Rock, AR 72201
501-682-1010
Email

Purchase a Certificate of Good Standing
for this Entity

Pay Franchise Tax for this corporation

LLC Member information is now confidential per Act 865 of 2007

Use your browser's back button to return to the Search Results

Begin New Search

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

LEOLA MILBRY; as the Personal      *
Representative of the Estate of EARLY      *
MILBRY, deceased,      *
     *
     Plaintiff,      *      NO. 2:07 CV837-WKW
     *
vs.      *
     *
BEVERLY HC TYSON d/b/a TYSON      *
MANOR, et al.,      *
     *
     Defendant.      *

## AFFIDAVIT

Before me, the undersigned authority, personally appeared Holly Rasmussen Jones, who first being duly sworn, deposes and states as follows:

1.     I am over nineteen (19) years of age and hereby provide this affidavit of my own free will, without duress or coercion.

2.     I have personal knowledge of the facts contained in this affidavit and/or have reviewed business records created and/or maintained by GGNSC Montgormery, LLC in the ordinary course of business to obtain the facts contained in this Affidavit

3.     I hereby certify that GGNSC Equity Holdings, LLC is the sole member of GGNSC Montgomery, LLC.

4.     I further certify that GGNSC Equity Holdings, LLC is a Delaware limited liability company with its principal place of business in Fort Smith, Arkansas.

5.     GGNSC Equity Holdings, LLC does not reside in Alabama and does not maintain an office in Alabama.

Further Affiant saith not.

Holly Rasmussen Jones
Secretary
GGNSC Equity Holdings, LLC

STATE OF Arkansas )
COUNTY OF Sebastian )

SWORN TO and subscribed before me on this 19th day of September, 2007.

Krista L. Elmore
NOTARY PUBLIC
My Commission Expires: 6-20-2016

2