IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

2007 SEP 17 A 10: 12

LEOLA MILBRY; as the Personal                    *
Representative of the Estate of EARLY            *
MILBRY, deceased,                                *

     Plaintiff,                                  *       NO. 2:07-CV-837-WKW
                                                  *

vs.                                              *
                                                 *
GGNSC Montgomery, LLC                            *
(incorrectly identified as BEVERLY HC            *
TYSON d/b/a TYSON MANOR, et al.,)                *
                                                 *
     Defendant.

## DEFENDANT GGNSC MONTGOMERY, LLC'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW GGNSC Montgomery, LLC (incorrectly identified as BEVERLY HC

TYSON d/b/a TYSON MANOR, et al.) hereinafter referred to as "GGNSC Montgomery", and in

response to Plaintiff's Complaint states as follows:

1.     GGNSC Montgomery is without information sufficient to form a belief as to the truth of

        the allegations contained in paragraph 1.  Therefore, GGNSC Montgomery denies all

        allegations.

2.     GGNSC Montgomery admits that GGNSC Montgomery is the operator of a long term

        care facility known as Tyson Manor, located at 2020 North Country Club Drive,

        Montgomery, Alabama 36106.  All remaining allegations are denied.

3.     Denied.

4.    Denied.   The allegations contained in paragraph 4 are not directed at GGNSC
      Montgomery.  To the extent that any of the allegations of this paragraph are directed at
      the GGNSC Montgomery, those allegations are denied.

5.    Denied.   The allegations contained in paragraph 5 are not directed at GGNSC
      Montgomery.  To the extent that any of the allegations of this paragraph are directed at
      GGNSC Montgomery, those allegations are denied.

6.    Denied.  The allegations contained in paragraph 6 are not directed GGNSC Montgomery.
      To the extent that any of the allegations of this paragraph are directed at GGNSC
      Montgomery, those allegations are denied.

7.    Denied.   GGNSC Montgomery denies all allegations or other implications against
      employees of GGNSC Montgomery.

8.    Denied.  To the extent that any of the allegations of this paragraph are directed at
      GGNSC Montgomery, those allegations are denied.

9.    This paragraph does not require a response from this Defendant.  To the extent that this
      paragraph alleges negligence or wrongdoing on the part of GGNSC Montgomery or its
      employees, those allegations are denied.


                                     **FACTS**

10.   Denied.


                                        2

## COUNT ONE: WRONGFUL DEATH

11.    GGNSC Montgomery admits that the decedent was under care, supervision and treatment of agents and/or employees of GGNSC Montgomery from May 4, 2005 through August 5, 2005. All remaining allegations are denied.

12.    Denied.

13.    Denied as written. GGNSC Montgomery admits that it was entrusted with the nursing care of the decedent during the time period of May 4, 2005 through August 5, 2005. GGNSC Montgomery admits that it owed a duty to hire, train and supervise employees in a manner reasonably calculated to render care in accordance with prevailing industry standards. All remaining allegations are denied.

14.    Denied. GGNSC Montgomery admits that it was entrusted with the nursing care of the decedent during the time period of May 4, 2005 through August 5, 2005. GGNSC Montgomery admits that its employees owed a duty to render care and services as a reasonably prudent and similarly situated employee would so render. All remaining allegations are denied.

15.    Denied.

16.    Denied in whole and in part.

17.    Denied.

## FIRST AFFIRMATIVE DEFENSE

Defendant asserts that the filing of this Answer is in no way intended to constitute a conscious or indirect waiver of any right to arbitration held by the Defendant. Defendant specifically reserves the right to seek enforcement of any contract provision or right provided under contract requiring arbitration of disputes between this Plaintiff and Defendant.

3

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim against this defendant for which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not sufficiently state any recoverable cause of action against this Defendant under the Alabama Medical Liability Act, *Ala. Code* § 6-5-480 (1975), *et seq.* in that the Complaint fails to include a detailed specification and factual description of each act and omission alleged by Plaintiff to render Defendant liable and fails to specify the dates, times, and places of any such acts or omissions.

## FOURTH AFFIRMATIVE DEFENSE

The alleged injuries and damages complained of by Plaintiff were not proximately caused by any conduct of this Defendant; hence, Plaintiff ought not to recover.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff ought not to recover against Defendant as one or more intervening causes proximately contributed to the alleged acts and injuries of which Plaintiff complains.

## SIXTH AFFIRMATIVE DEFENSE

Defendant claims a setoff of all medical or hospital expenses incurred by Plaintiff as a result of the alleged acts and omissions made the basis of Plaintiff's Complaint that have been or will be paid or reimbursed by sources other than Plaintiff.

4

## SEVENTH AFFIRMATIVE DEFENSE

Defendant claims all privileges and protections afforded by the Alabama Medical Liability Act and by Alabama Code § 22-21-8 (1975).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff asserts claims allowing for the imposition of punitive damages in certain cases. An award of punitive damages in this case would violate the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901 because such an award would be excessive in light of the following criteria: (1) the degree of reprehensibility of Defendant's allegedly wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damages award; and (3) the difference between the punitive damages award and the civil penalties authorized or imposed in other cases.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff asserts claims that allow for the imposition of punitive damages in certain cases. The imposition of punitive damages in this case would violate the Due Process Clauses of the Fourth and Fifteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution or 1901 because the imposition of punitive damages would violate Defendant's rights to substantive due process.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff asserts claims that allow for the imposition of punitive damages in certain cases. The award of punitive damages in this case would violate the Fifth Amendment of the United

5

States Constitution and Article I, Section 6 of the Alabama Constitution of 1901 because, while the damages claimed are penal in nature, this Defendant is required to disclose documents and/or other evidence without the Constitutional safeguards against self-incrimination.

## ELEVENTH AFFIRMATIVE DEFENSE

In 1987, the Alabama legislature established a cap on punitive damages of $250,000, absent a showing of pattern and practice, intentional conduct, actual malice or libel, slander, or defamation. Ala. Code § 6-11-21 (1975). On June 25, 1993, the Alabama Supreme Court released its opinion in *Henderson v. Alabama Power Co.*, 627 So.2d 878 (Ala. 1993), and held that the cap on punitive damages established by Alabama Code § 6-11-21 (1975) violated the Alabama Constitution of 1901. On June 24, 1994, the United States Supreme Court specifically recognized that its previous opinions prevented state courts from abolishing limits on punitive awards. "The *TXO* and *Haslip* opinions establish that states cannot abolish limits on the award of punitive damages." *Honda Motor Co., Ltd. v. Oberg*, 114 S.Ct. 2331, 2340 n. 9 (1994). Pursuant to the Supremacy Clause of the United States Constitution, *Oberg* overrules the Alabama Supreme Court's opinion in *Henderson* and re-establishes the cap on punitive damages set by Alabama Code § 6-11-21(1975), prior to its re-adoption effective in 1999. The Alabama Supreme Court criticized its holding in *Henderson* and indicated its willingness to revisit its decision in *Goodyear Tire and Rubber Co. and Nathaniel Willie Jefferson Brock v. Vinson*, 749 So. 2d 393 (Ala. 1999).

## TWELFTH AFFIRMATIVE DEFENSE

Defendant is not liable for any portion of any award of punitive damages wherein there is no express finding that Defendants engaged in conduct as defined in Ala. Code § 6-11-20 (1975)

pursuant to Ala. Code § 6-11-21 (1975). Defendant is not jointly and severally liable to Plaintiff for any award of punitive damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff asserts claims that allow for the imposition of punitive damages in certain cases. The imposition of punitive damages in this case would violate the Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901 because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants in the same case or different cases.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff asserts claims that allow for the imposition of punitive damages in certain cases. The imposition of punitive damages in this case would violate the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution of 1901 for the following reasons: (1) an award of punitive damages are, or may be, vastly disproportionate to any actual damages; (2) an award of punitive damages would constitute an arbitrary and capricious taking of the property of Defendants that is unjustified by any rational state purpose; (3) an award of punitive damages would violate Defendants' substantive due process rights; and, (4) the claim for punitive damages is vague and not rationally related to any legitimate government interest.

## FIFTEENTH AFFIRMATIVE DEFENSE

The award of punitive damages under current Alabama Civil Procedure would violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, separately, of the Constitution of the

7

United States and Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, separately, on each of the following separate and several grounds: (1) the procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing; (2) the procedures fail to provide means for awarding separate judgments against alleged joint tort feasors; (3) the procedures fail to provide a limit on the amount of award against the Defendants; (4) the procedures permit multiple awards of punitive damages for the same alleged act or omission; (5) the procedures fail to provide a clear and consistent appellate standard of review of any punitive damages award; and, (6) the procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff asserts claims allowing for the imposition of punitive damages in certain cases. The award of punitive damages in this case would violate the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901 because current law fails in the following ways: (1) the law does not provide the jury with constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) the law does not adequately instruct the jury on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; and, (3) the law does not expressly prohibit the jury from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including, without limitation, the residence, wealth, and corporate status of Defendants; and (4) the law does not subject the jury's award of punitive damages to appropriate trial court and appellate judicial

8

review for reasonableness and furtherance of legitimate purposes of the basis of constitutionally adequate and objective standards.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages violates the Fifth Amendment to the United States Constitution, which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interest.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages is unconstitutional under the Alabama Constitution of 1901, Article I, Section 6, providing that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interest.

## NINETEENTH AFFIRMATIVE DEFENSE

The assessment and adjudication against Defendants of any punitive damages other than those measured according to her sole, individual wrongdoing would be improper and impermissible.

## TWENTIETH AFFIRMATIVE DEFENSE

The imposition of punitive damages against Defendants in any amount exceeding any actual and potential harm by an excessive or unconstitutional ratio violates Defendants' substantive due process rights as guaranteed by the United States Constitution.

9

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The imposition of punitive damages under Alabama's current system fails to provide "fair notice" to Defendants that the alleged wrongful conduct could subject Defendants to punishment, and also fail to provide "fair notice" of the severity of the punishment that the State could impose through an award of punitive damages. This lack of "fair notice" violates Defendants' due process rights, both procedural and substantive, as guaranteed by the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The imposition of punitive damages against Defendants in this case, if any, would violate Defendants' due process rights as guaranteed by the United States Constitution because the award of punitive damages is excessive in light of the following criteria: (1) the degree of reprehensibility of Defendants' alleged wrongful conduct; (2) the disparity between the harm or potential harm and the punitive damages award; and, (3) the difference between the punitive damage award and the civil penalties authorized or imposed in other cases.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff asserts claims that allow for the imposition of punitive damages in certain cases. The award of punitive damages in this case would violate the Fifth and Fourteenth Amendments of the United States Constitution because the standards for determining liability and the amount of punitive damages fail to give Defendants prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and, as such, are void for vagueness.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

GGNSC incorporates by reference affirmative defenses asserted by any other defendant and reserve the right to assert additional defenses that may arise in the course of this litigation.

WHEREFORE, Defendant, GGNSC Montgomery denies that Plaintiff is entitled to recover against it based on the allegations of Plaintiff's Complaint, and prays for a judgment in its favor dismissing Plaintiff's Complaint, and for all other just and proper relief.

W. BENJAMIN BROADWATER (BRO150)
MARCUS T. FOXX (FOX011)
Attorneys for Defendant

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama  36602
(251) 432-1600
(251) 432-1700 (fax)

11

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on counsel for all parties by depositing a copy of same in the United States mail, properly addressed and first class postage prepaid:

Jock M. Smith
Brian P. Strength
Valerie Rucker Russell
COCHRAN, CHERRY, GIVENS & SMITH, P.C.
306 North Main Street
Post Office Box 830419
Tuskegee, Alabama  36083

Done this 17 day of September , 2007.

COUNSEL

12