## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA

LEOLA MILBRY; as the Personal     \*
Respresentative of the Estate of EARLY     \*
MILBRY, deceased,     \*
      \*
     Plaintiff,     \*     NO.  2:07-cv-837-MEF
      \*
vs.     \*
      \*
GGNSC MONTGOMERY, LLC , et al.,     \*
      \*
     Defendants.     \*

---

## MOTION FOR LEAVE TO AMEND COMPLAINT

---

**COMES NOW,** the Plaintiff, by and through its attorneys of record, and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and files this motion requesting that Plaintiff be allowed to amend the complaint and states as follows:

1.   The initial complaint identified the Defendant nursing home as Beverly HC Tyson d/b/a Tyson Manor.

2.   The Defendant has answered and indicated that its correct legal name is GGNSC Montgomery, LLC d/b/a Golden Living Tyson Manor.

3.   The Defendant has provided written consent for the Plaintiff to amend the original complaint to correctly identify the Defendant by its legal name which is GGNSC Montgomery, LLC d/b/a Golden Living Tyson Manor. A copy of said written consent is attached hereto as Exhibit "A".

4.   A copy of the proposed amended complaint is attached hereto as Exhibit "B".

5.    The amendment relates back to the date of the original pleading pursuant to Rule 15(c) of the

Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff moves this Honorable Court to allow the Plaintiff to amend to the

complaint for the reasons stated above.

Respectfully Submitted,


/s/ Valerie Rucker Russell
VALERIE RUCKER RUSSELL  (RUS038)
Attorney for Plaintiff



**OF COUNSEL:**

COCHRAN, CHERRY, GIVENS & SMITH, P.C.
306 North Main Street
Post Office Box 830419
Tuskegee, Alabama 36083
(334) 727-0060
(334) 727-7197-fax

### CERTIFICATE OF SERVICE

I hereby certify that I have this date of December 6, 2007, electronically filed the
foregoing with the Clerk of Court using the State of Alabama's electronic filing system which
will send notification and a copy of such filing to the following counsel of record:

W. Benjamin Broadwater
Marcus T. Foxx
Alford, Clausen & McDonald
One St. Loius Centre, Suite 5000
Mobile, Alabama 36602


/s/ Valerie Rucker Russell
Of Counsel

# Exhibit A

# Alford, Clausen & McDonald, LLC

Lawyers

One St. Louis Centre, Suite 5000   Mobile, Alabama 36602   www.AlfordClausen.com   251.432.1600

November 29, 2007

**VIA E-MAIL**
Valerie R. Russell, Esq.
Cochran, Cherry, Givens & Smith, P.C.
Post Office Box 830419
Tuskegee, AL  36083

Re:   Leola Milbry (Early Milbry) v. GGNSC Montgomery, LLC d/b/a Golden Living
        Tyson Manor
        Approval of Complaint Amendment

Dear Valerie:

We have no opposition to your request to amend the Complaint to correct the improper legal title of the named Defendant.  We consent to your amendment of the Complaint to reflect the proper legal entity and title; Defendant, GGNSC Montgomery, LLC d/b/a Golden Living Tyson Manor.

Yours very truly,

/s/ Marcus T. Foxx

Marcus T. Foxx

MTF/lrs
469-5822

Sender's direct dial: 251.415.9241  •  E-Mail: mtf@AlfordClausen.com  •  Fax: 251.432.1700

James H. McDonald Jr. • Helen J. Alford[1,2,3] • Andrew C. Clausen[1,3,4,5] • William R. Lancaster[1,2,3] • Charles J. Potts[3] • James W. Lampkin II[1,5,6]
W. Benjamin Broadwater[3] • Paul V. Lagarde[3,4] • L. Hunter Compton Jr.[1] • Pamela A. Moore[1,5,6,7] • J. Richard Moore[3,8]
Christopher B. Estes[1] • Juan C. Ortega[1] • Susan L. Potts • Gabrielle R. Pringle • J. Bart McNiel[5] • Katherine M. McGinley[6]
Robert B. McGinley Jr.[1,6] • Christina May Bolin[1,9] • Patrick K. Pendleton[1] • Benjamin C. Heinz[1] • H. James Koch[1]
E. Larkin Hatchett[1] • D. Brian Murphy[1] • William C. Grayson[1] • Marcus T. Foxx • Jason B. Nimmer[3]

Also admitted in: [1]Mississippi [2]Texas [3]Tennessee [4]Louisiana [5]Florida [6]Georgia [7]South Carolina [8]Indiana [9]New York

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA

LEOLA MILBRY; as the Personal    *
Respresentative of the Estate of EARLY    *
MILBRY, deceased,    *
   *
      Plaintiff,    *    NO.  2:07-cv-837-MEF
   *
vs.    *
   *
GGNSC MONTGOMERY, LLC , et al.,    *
   *
      Defendants.    *

---

## FIRST AMENDED COMPLAINT

---

## STATEMENT OF THE PARTIES

1.     Leola Milbry is the Personal Representative of the Estate of Early Milbry, deceased, (hereinafter referred to as "Decedent"). As the Personal Representative of the Estate of the Decedent, she is entitled to file this action pursuant to the provisions of the Code of Alabama, (1975). Further, Leola Milbry, as the Personal Representative of the Estate of Early Milbry, files this action pursuant to the Alabama Wrongful Death Act: §6-5-410 of the Code of Alabama, (1975).

2.     Defendant GGNSC Montgomery, LLC d/b/a Golden Living Tyson Manor (hereinafter referred to as the "Tyson Manor") is organized under the laws of the State of Delaware which does business by agent in Montgomery, Alabama with its primary place of business being 2020 North Country Club Drive, Montgomery, Alabama 36106.

3.   Fictitious Defendant 1-3, whether singular or plural, is that entity improperly designated as Tyson Manor in this Complaint whose agents and/or employees' acts, omissions, negligence and/or wantonness caused or combined to cause the Decedent's death.

4.   Fictitious Defendants 4-6, whether singular or plural, are those physicians, individuals or entities, are and/or were residents of the State of Alabama at all material times described herein, whose acts or omissions caused or combined to cause the Decedent's death.

5.   Fictitious Defendants 7-8, whether singular or plural, can be held vicarious liable, regardless of the theory asserted, for the act or omission, of any individual or entities whose acts or omissions caused or combined to cause the Decedent's death.

6.   Fictitious Defendants 9-10, whether singular or plural, are those  individuals or entities whose negligence and/or wantonness caused or combined and concurred to cause Decedent's death.

7.   Fictitious Defendants 11-20 are those nurses employed with Defendant Tyson Manor and at the time all incidents complained herein where acting within the line and scope of their duties with Defendant Tyson Manor.

8.   Fictitious Defendant 11-20 are also being sued in their individual capacity.

9.   The identities of all Fictitious Defendants are currently unknown to Plaintiff, and, if after reasonable diligence, their identities are discovered, they will added or substituted as Defendants within a reasonable time.

**FACTS**

10.  On or about May 4, 2005 and thereafter, the Defendant and Fictitious Party Defendants wholly failed to discharge their obligations of care to the Decedent and thus causing the Decedent's death. Further, the Defendant and Fictitious Party Defendants wholly failed to discharge their obligations of care to the Decedent by causing or allowing the Decedent to develop severe and mortal bed sores on his coccyx, feet, scrotum and elsewhere and thereafter not adequately and/or properly providing treatment. As a consequence thereof, the Decedent died.

**COUNT ONE: WRONGFUL DEATH**

11.  Plaintiff alleges that on all of the occasions complained of herein, the Decedent was under the care, supervision and treatment of the agents and/or employees of the Defendants and that the Decedent's death was proximately caused by the acts and/or omissions of said Defendants and/or the fictitious parties named herein.

12.  Defendants had vicarious liability for the acts and/or omissions of all persons or entities under Defendants' control either direct or indirect including their employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies or pools causing the death of the Decedent.

13.  The Defendants owed a duty to the Decedent to hire, train and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

14.  The employees of Tyson Manor owed a duty the Decedent to render care and services as a reasonably prudent and similarly situated facility employee would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

-3-

15.   Defendants and their employees and consultants breached their common law duties as set forth above. As a result of this breach, the Decedent died.

16.   The acts, omissions, negligence, gross negligence and/or wantonness of the Defendants, their employees and consultants, and/or the fictitious parties named herein, includes, but is not limited to, one or more of the following omissions:

(a)   The failure to provide sufficient numbers of qualified personnel including nurses, nurse assistants, medication aides, and orderlies, (hereinafter "nursing personnel") to meet the total needs of the Decedent in conjunction with the needs of other residents of Tyson Manor.

(b)   The failure to increase the number of nursing personnel at Tyson Manor to insure that the Decedent did not suffer the injuries as described herein.

(c)   The failure to provide adequate supervision to the nursing staff so as to assure that the Decedent had sufficient nursing staff and reasonable safety measures and protection.

(d)   The failure to adequately assess, evaluate and supervise nurses, nurses aides or assistants, medication assistants, dietary personnel and other personnel so as to assure that the Decedent received good, proper nursing care, in accordance with the policy and procedures manual of the Defendant, the Rules of the Alabama State Board of Health for nursing facilities, and the regulations of the U.S. Department of Health and Human Services.

(e)   The failure of the corporate Defendants to adequately supervise the Administrator of Tyson Manor.

-4-

(f)     The failure to adequately supervise the Director of Nurses at Tyson Manor.

(g)     The failure to provide a nursing staff that was properly manned, qualified, trained and motivated.

(h)     The failure to adequately screen, evaluate and check references, test for competence, and use ordinary care in selecting nursing personnel to work at Tyson Manor.

(i)     The failure to terminate employees at Tyson Manor assigned to the Decedent that were known to be careless, incompetent, unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Alabama State Board of Health.

(j)     The failure to assign nursing personnel duties consistent with their education and experience based on:

    1.     The Decedent's history and condition including nursing and rehabilitative needs;

    2.     The characteristics of the patient population residing in the area of the facility where the Decedent was a resident; and,

    3.     The nursing skills needed to provide care to such resident population.

(k)     The failure to establish, publish and/or adhere to policies for nursing personnel concerning the care and treatment of residents with nursing, medical and psychosocial needs similar to those of the Decedent.

(l)     The failure to provide and assure an adequate nursing care plan based on the needs of the Decedent at the time of his admission.

(m)    The failure to provide and assure adequate nursing care plan revisions and modifications as the needs of the Decedent changed.

(n)    The failure to implement and assure that an adequate nursing care plan for the Decedent was followed by nursing personnel.

(o)    The failure to adopt adequate guidelines, policies and procedures for:

    1.    Investigating the relevant facts, underlying deficiencies or licensure violations or penalties found to exist at Tyson Manor by the Alabama State Board of Health or any state or federal survey agency;

    2.    The cause of any such deficiencies, violations, or penalties; and,

    3.    The method and means for correcting deficiencies or licensure violations or penalties found to exist at Tyson Manor.

(p)    The failure to adopt adequate guidelines, policies and procedures for determining whether Tyson Manor had sufficient numbers of nursing personnel which includes nurses, nurses assistants, medication assistants, orderlies and other staff to:

    1.    Provide 24 hour nursing services;

    2.    Meet the needs of residents who are admitted to or remain in the facility; and,

    3.    Meet the total nursing needs of patients.

(q)    The failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of patient care, the quality of patient care, or misconduct by employees, no matter whether such complaint derived from a resident of said facility, and employee of the facility or any interested person.

(r)  The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in patient care.

(s)  The failure by members of the governing body of Tyson Manor to discharge their legal and lawful obligation by:

1.  Assuring that the rules and regulations designed to protect the health and safety of the residents, such as the Decedent, as promulgated by the Alabama State Board of Health were consistently complied with on an ongoing basis;

2.  Assuring that the patient care policies were consistently complied with on an ongoing basis;

3.  Assuring that the policy and procedures manuals were updated and modified to address problems which consistently emerged at the facility; and,

4.  Responsibly assuring that appropriate corrective measures were implemented to cure problems concerning inadequate patient care.

(t)  The failure to assure and provide care, treatment and medication in accordance with physician orders.

(u)  The failure to maintain medical records which contained sufficient information to justify the diagnosis and treatment and to document the results, including, at a minimum, documented evidence of assessments of the needs of the Decedent, of establishment of appropriate plans of care and treatment, and the care and services provided.

(v)  The failure to appropriately monitor the Decedent.

-7-

17.    A reasonably prudent similarly situated facility, operating under the same or similar

conditions, would not have failed to provide the important care listed above.

**WHEREFORE**, as a direct and proximate result of the acts, omissions, negligence, grossly

negligent, wanton, reckless, malicious and/or intentional conduct, pursuant to the Alabama Wrongful

Death Act; §6-5-410 of the <u>Code of Alabama</u>, (1975), Plaintiff asserts a claim for judgment for all

punitive damages against the Defendants, jointly and severally, and all fictitious party Defendants

in an amount to be determined by the jury, plus costs and other relief to which Plaintiff is entitled

by law.

## <u>PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.</u>

Respectfully Submitted,

/s/ Valerie Rucker Russell
VALERIE RUCKER RUSSELL (RUS038)
Attorney for Plaintiff

**OF COUNSEL:**

COCHRAN, CHERRY, GIVENS & SMITH, P.C.
306 North Main Street
Post Office Box 830419
Tuskegee, Alabama 36083
(334) 727-0060
(334) 727-7197-fax

## CERTIFICATE OF SERVICE

I hereby certify that I have this date of _____, 200__, electronically filed the foregoing with the Clerk of Court using the State of Alabama's electronic filing system which will send notification and a copy of such filing to the following counsel of record:

W. Benjamin Broadwater
Marcus T. Foxx
Alford, Clausen & McDonald
One St. Loius Centre, Suite 5000
Mobile, Alabama 36602

<u>/s/ Valerie Rucker Russell</u>
Of Counsel